**RAYON PAYNE, Pro Se**
8815 Conroy Windermere Rd, Suite 208
Orlando, Florida 32835
Tel: 863-485-0550
Email: info@folksalert.com

FILED
2020 JUL 23 PM 1:42
US DISTRICT COURT
MIDDLE DISTRICT OF FL
ORLANDO FLORIDA

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| RAYON PAYNE, Orlando, Fl, Plaintiffs, V. JERMAINE CARLOS DIAZ, Defendant, | CASE No. 6:20-cv-1306-ORL-40XX COMPLAINT) FOR: 1. DECLARATORY RELIEF – Fair Use; 2. 17 U.S.C. § 512(F) MISREPRESENTATION; *and* 3. INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS |

Plaintiff RAYON PAYNE. ("Plaintiff"), Pro Se, hereby files his Complaint against JERMAINE CARLOS DIAZ ("Defendant"), and in support thereof, states as follows:

### NATURE OF ACTION

1. This action arises out of Defendant unlawful efforts to censor free speech through the intentional misuse of the copyright law.

2. Plaintiff produced and owns the rights to the album "Gorilla Exploratory" (Album), the Folksalert Podcast (Podcast) and "The Blue Print - A Dangerous Sex Offender (Young Lace) (Documentary).

3. Defendant has suppressed the Album, Podcast and Documentary trailer by serving bad faith and misleading takedown notices to iTunes® Spotify® and Youtube®, unlawfully

demanding that the platforms cease exhibiting the Album, Podcast, and Documentary Trailers.

4. Coerced by Defendant baseless blanket threats of liability, CD Baby has discontinued distribution to streaming outlets such as iTunes, Amazon, Spotify, YouTube Music, Apple Music, Google Play, Napster, 8tracks, Deezer, TIDAL, iHeartRadio, Pandora, and many others who have removed the Album from their platforms as a matter of course.

5. Defendant served these baseless takedown notices under the guise of alleged copyright infringement "Rights Dispute" because the Album has a track title "Young Lace Sex Offender".

6. However, as Defendant is well aware, Plaintiff's use of title "Young Lace Sex Offender" illustrate points and commentary on the Album and clearly falls within the parameters of the fair use laws and constituted fair use.

7. Defendant served these baseless takedown notices under the guise of alleged copyright infringement "Rights Dispute" to iTunes to remove the Folksalert Podcast episodes because he disagrees with the titles or its content.

8. Defendant served these baseless takedown notices under the guise of alleged copyright infringement to Youtube where he's filed multiple DMCA claiming "Copyright Infringement" to which he signed his name "UNDER PENALTY OF PERJURY" and after being rejected repeatedly Defendant still continued to file these baseless claims.

9. In reality Defendant actual motivation in sending these takedown notices was not because his rights violation claims of copyright infringement "Rights Dispute" but rather, Defendant intentionally misused the takedown process to silence and suppress viewpoints

and speech on the Album, Podcast, and Documentary which Defendant clearly disagree with.

10. As Defendant singular intention in reflexively dispatching the takedown notices was to suppress Plaintiff's expressive activities in distributing his content to the public, Defendant did not undertake the requisite good faith inquiry into whether Plaintiff's content on his Album, Podcast, and Documentary constituted fair use prior to serving the takedown notices.

11. Aware that he did not conduct or intend to conduct the requisite fair use analysis before serving the takedown notices, Defendant takedown notices were served in bad-faith and solely to cause iTunes®, Spotify® and Youtube® to remove Plaintiff's content from public exhibition for purposes of suppressing Plaintiff's free speech.

12. Defendant multiply misuse of copyright law to subvert free speech has effectively removed the Album, Podcast, and Documentary trailer from meaningful public exhibition and temporarily removed Plaintiff's content from some platforms some are removed permanently from others causing substantial harm and damage to Plaintiff while further interfering with Plaintiff's right to display his work.

13. Plaintiff brings this action to clarify the rights of the parties and to refute the Defendant's assertion of copyright infringement "Rights Dispute and Copyright Infringement".

**PARTIES**

14. Plaintiff Rayon Payne is the owner of Folksalert.com, Folksalert App, host of the Folksalert Podcast available on iTunes®, Spotify®, iHeartradio®, Google Play®, Tunein®. He has released two albums "Gorilla Pimping" and "Gorilla Exploratory", and

is executive producer of the soon to be release documentary "The Blue Print - A Dangerous Sex (Young Lace)". The Plaintiff has a large following on many social media platforms under the name Folksalert and is widely known as Keko. He resides in Orlando, Florida, Orange County.

15. Defendant Jermaine Carlos Diaz is a natural person and resides at 2827 Monarch Crossing, Missouri City TX 77459, in Fort Bend County, Texas.

16. On information and belief, Jermaine Carlos Diaz claims to be authorized to enforce the copyright takedown.

## JURISDICTION AND VENUE

17. This action arises under the copyright laws of the United States, 17 U.S.C. §§ 101 *et seq.*, and Title II of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512.

18. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

19. This Court has personal jurisdiction over Defendant who intentionally caused harm to Plaintiff in Orlando, Florida, issued its copyright threat to Plaintiff in Florida, and, on information and belief, conducts regular business in Florida.

20. Defendant has brought a civil suit against Plaintiff in The Ninth Judicial Circuit in and for Orange County, Florida in Case No.2019-CA-8025, given him direct connections and personal interest in Florida.

21. Venue for this action is proper under 28 U.S.C. §1391(b)(2).

## FACTUAL ALLEGATIONS

22. Plaintiff has been involved in media and radio broadcasting in the Orlando, Florida area since 1998.

23. In 2007 the Plaintiff founded the blog Folksalert which covered news and interviews related to Human Trafficking and lifstyle of Pimps and Prostitution.

24. It was this long history with media lead the Plaintiff focus on the subject of the Pimp subculture so he developed Folksalert.com later the Folksalert App and established a presence on social media platforms. The Folksalert Podcast is distributed by SoundCloud® to all major podcast platforms such as iTunes®, Spotify®, iheartradio®, Google Play® as well the Folksalert App just to name a few.

25. In late 2018 Plaintiff start working on the documentary "The Blue Print - A Dangerous Sex Offender (Young Lace)" which is base on the Defendant Human Trafficking activities as known Pimp and who was the youngest person charged with sex trafficking a minor for which he was later convicted and requried to registed as a sex offender for life. The Plaintiff has released a few trailers of the documentary in early 2019 via the Folksalert Youtube channel.

26. In or around the early part of 2019 Plaintiff developed, produced and released two Albums "Gorilla Pimping" and "Gorilla Exploratory" which are distributed by CD Baby® to streaming platforms such as iTunes®, Spotify®, iheartradio®, Google Play® and others. The Albums contain all original work which is a composition of exclusive interviews which the Plaintiff conducted and a mixture of music from recording artists who have all granted Plaintiff permission to use their music.

27. In or around May 5, 2019, the Album "Gorilla Exploratory" was publicly released on iTunes® and other streaming platforms.

28. Upon information and belief in or around June 27, 2019, Defendant Diaz served takedown notices and related legal demands to iTunes® demanding that the platform immediately remove the Album from exhibition under the guise of copyright infringement. iTunes® subsequently forward the notice to CD Baby® which was later sent to Plaintiff to respond to Defendant before July 3, 2019. see attached exhibit #1

29. Plaintiff send an email to Defendant on June 29, 2019, demanding he retract his claim or face legal actions and Defendant responded via email on July 3, 2019, see attached exhibit #2.

30. Defendant served the takedown notice despite his knowledge that the use of title "Young Lace Sex Offender" interview was non-infringing on his rights.

31. Defendant failed to consider in good faith the issue of fair use. Indeed, it appears Defendant took deliberate actions to avoid learning that the title track 'Young Lace Sex Offender" is an interview which falls within commentary or criticism constituted paradigmatic forms of transformative fair use. And beside Defendant does not have any legal copyright to the content on the Album.

32. Upon information and belief on or around July 2, 2019, Defendant served another takedown notices and related legal demands to iTunes® demanding that the platform immediately remove the Podcast from exhibition under the guise of copyright infringement "Rights Dispute". iTunes® subsequently forward the notice to Plaintiff to respond by July 9, 2019. Plaintiff to respond to Defendant on July 2, 2019. On July 10,

Case 6:20-cv-01306-PGB-DCI  Document 1  Filed 07/23/20  Page 7 of 15 PageID 7

2019, Apple sent a request to Defendant to respond or the matter will be closed. Defendant did not respond and the issue was closed with respect to Defendant second takedown notice copyright infringement "Rights Dispute" about content on the Podcast. See attached exhibit #3.

33. Defendant also submitted four copyright takedowns to Youtube® between September 20, 2019 and September 23, 2019. And over the course of several months Youtube® suspended Plaintiff's account upon investigation and later reactivated Plaintiff's account after completing their investigation. See attached exhibit #4.

34. Plaintiff on or around early January 2020, again continued to file more copyright takedown to Youtube® which was again rejected. See attached exhibit #5.

35. On January 17, 2020, Spotify contacted Defendant that a Takedown request issued by and the content was removed pending an investigation. See attached exhibit #6.

36. Plaintiff responded to Defendant the same day as instructed by Spotify at the email provided and Plaintiff responded back. See attached exhibit #7.

37. In sum with respect to the first takedown of Plaintiff's Album and the others to the Podcast and Documentary trailers, Defendant did not conduct the requisite good faith analysis of the fair use issues here before serving the Takedown Requests. Indeed, it is unclear from the Takedown Notice as to whether Defendant had even listened to the Album, Podcast or watched the Documentary trailer's prior to issuing the wrongful Takedown Notice. If Defendant had listened and watched the content in question, he could not have formed a subjective good faith belief that the contents, subject matter constitutes copyright infringement.

7

38. This is likely because Defendant's motivation has nothing to do with purported copyright infringement "Rights Dispute", but everything to do with protecting his name Young Lace a well known Sex Trafficker and a clear attempt to suppress any commentary or criticism of him being a register Sex Offender that does not fall in line with his public image.

39. This is quintessential censorship of free speech, with Defendant's bad-faith Takedown Requests is meant to harass Plaintiff because it did not state a real claim embodying a censorious abuse of the takedown notice process.

40. In issuing these bad faith Takedown Requests for the purpose of censorship and suppression of free speech, Defendant also purposefully, and knowingly interfered with Plaintiff's relations with his distributor CDBaby®, iTunes®, Spotify®, SoundCloud®, and Youtube® thereby causing substantial harm and damage to Plaintiff.

41. Defendant has filed a meritless and frivolous civil lawsuit in the Ninth Judicial Circuit for Orange County See Case No. 2019-CA-8025. The lawsuit is a clear violation of Florida Anti-Slapp § 768.295. It is the state's "policy" for persons to "not engage in SLAPP suits because such actions are inconsistent with the right of persons to exercise their constitutional rights of free speech in connection with public issues.

42. Upon information and belief, by authorizing the Takedown Requests, Defendant affirmed under penalty of perjury that his notices of infringement were accurate and that it was authorized to make the infringement claims thereunder.

43. Upon information and belief, the iTunes® Takedown Request precisely tracked the language specified for a notice of claimed infringement under Section 512(c)(3) of the DMCA.

44. Upon information and belief, iTunes® treated the demands as a request for takedown pursuant to Section 512(c)(3) of the DMCA.

45. As a result, on or around July 1, 2019, CD Baby informed Plaintiff that they were canceling distribution of the Album not only to iTunes® and all streaming platform due to the Takedown Requests, and informed Plaintiff because they cannot be involved with or injected themselves into any disputes, they had no choice but to suspend the exhibition of the Album to streaming platforms.

46. However, based upon Defendant's bad faith, CD Baby® complied with Defendant's Takedown Requests and completely removed the Album from all streaming platforms.

47. Upon information and belief, Defendant sent the Takedown Requests based not on any good-faith belief that the Album, Podcast or Documentary actually infringed a copyright, and certainly not based on any analysis that it was not fair use, but solely out of a desire to suppress and censor plaintiff's and his content which may bring any light to him being a convicted "Sex Trafficker" and registed "Sex Offender".

48. As recently as of May 4, 2020, Defendant has issued another copyright takedown to iTunes under claim #iTS128225 stating;

> *This Podcast has posted Defamatory Recordings that are false, the Podcast has used my Name and Photo and likeness to promote this False podcast and to continue to post will cause substantial damages. I request that you cease and desist this material.*

49. Last also on May 4, 2020, Defendant send another copyright takedown to Youtube claiming the trailer violate his rights;

> Video title: Young Lace Documentary Coming Summer 2020
> Video url: http://www.youtube.com/watch?v=1_bwRhPhp3U
> Takedown issued by: Jermaine Diaz

## COUNT I
## DECLARATORY RELIEF – FAIR USE
## (17 U.S.C. §§ 101, *et seq.*)

50. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 49 as if fully set forth herein.

51. Pursuant to 28 U.S.C. § 2201 and 17 U.S.C. § 101 *et seq.*, this Court may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

52. **Album** - An actual controversy has arisen and now exists between Plaintiff and Defendant as to whether Plaintiff's use of the title "Young Lace Sex Offender" content on the "Gorilla Exploratory" Album constitutes fair use or violates Defendant copyright. See attached exhibit #8

53. **Album** - Plaintiff's interview audio "Young Lace Sex Offender" which is an interview with a club manager giving his opinion about the Defendant falls within the parameters of the fair use laws and therefore constitutes fair use. See Media CD Audio exhibit #9

54. **Podcast** - An actual controversy has arisen and now exists between Plaintiff and Defendant as to whether Plaintiff's use of the title "Bold Pimping - A Houston Sex

Trafficking Operation" and image content on the "Folksalert Podcast" Podcast constitutes fair use or violates Defendant copyright. See attached exhibit #10

55. **Podcast** - Plaintiff's interview audio "Bold Pimping - A Houston Sex Trafficking Operation" which is an interview with a former sex trafficking victim of Defendant who spoke about her personal knowledge which falls within the parameters of the fair use laws and therefore constitutes fair use. See Media CD Audio exhibit #11

56. **Documentary** - An actual controversy has arisen and now exists between Plaintiff and Defendant as to whether Plaintiff's Documentary trailer "The Blue Print - A Dangerous Sex Offender (Young Lace)" Cover Art Images and Title on Youtube content constitutes fair use or violates Defendant copyright. See Media CD Pictures exhibit #12

57. **Documentary** - Plaintiff's Documentary trailer "The Blue Print - A Dangerous Sex Offender (Young Lace)" which are video clips from a the unrelease documentary which falls within the parameters of the fair use laws and therefore constitutes fair use. See Media CD Videos exhibit #13

58. Plaintiff therefore seeks a judicial declaration and determination that Plaintiff's use did not use any copyright material owned by Defendant, which appeared on the Album, Podcast, and Documentary constitutes fair use.

59. A declaration of rights is further necessary and appropriate to enable Plaintiff to instruct his distributor CD Baby®, Youtube®, SoundCloud®, and iTunes® to resume their distribution and should not accept any Takedown Request of the content listed herein.

60. Given the facts and circumstances described above, Plaintiff's content on his Album, Podcast, and Documentary qualifies as fair within the meaning of 17 U.S.C. § 107 as a

matter of law. Accordingly, Plaintiff is entitled to a declaration that its use was fair use and non-infringing on that basis.

61. Plaintiff is entitled to an award of costs, including its attorney's fees, pursuant to 17 U.S.C. § 505.

## COUNT II
## 17 U.S.C. § 512(F) MISREPRESENTATION

62. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 61 as if fully set forth herein.

63. The content on Plaintiff's Album, Podcast, Documentary, does not infringe any copyright owned or administered by the Defendant.

64. Plaintiff's did not use any licensed materials on the Album, Podcast, Documentary, and is self-evidently non-infringing fair use under 17 U.S.C. § 107. This is in part because the Album, Podcast, Documentary, use original or content in the public domain in the context to illustrate various viewpoints.

65. Further, Plaintiff's interview on the Album, Podcast, Documentary, presents no damage to the potential market for the underlying works because there is no damage to underlying works for highly transformative uses.

66. Defendant had, or should have had, actual subjective knowledge that the contents of the Album, Podcast, Documentary, did not infringe any copyrights on the date he sent the Takedown Requests.

67. With this actual subjective knowledge, Defendant acted in bad faith when he sent the Takedown Requests, knowingly and materially misrepresenting that he had definitively concluded that the Album, Podcast, Documentary, was infringing.

68. In the alternative, Defendant should have known, if he had acted with reasonable care or diligence, or would have had no substantial doubt, had it been acting in good faith, that the Album, Podcast, Documentary, did not infringe any copyrights on the date he sent the Takedown Requests.

69. Defendant violated 17 U.S.C. § 512(f) by knowingly and materially misrepresenting that the Album, Podcast, Documentary, infringed his copyrights.

70. As a direct and proximate result of Defendant's actions, Plaintiff has been injured substantially and irreparably. Such injury includes, but is not limited to, lost revenues and profits associated with the suspension of its distribution of the Album, Podcast, Documentary, and harm to his free speech rights under the First Amendment.

## COUNT III
## INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

71. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 70 as if fully set forth herein.

72. Plaintiff listed the Album for purchase and stream on iTunes® pursuant to valid contracts with its distributor CD Baby®, Podcast is listed on Soundcloud to be distributed via its Rss Feed pursuant to valid agreement, and Documentary trailer is available on Youtube pursuant to valid agreement.

73. Defendant knew of the existence of these contracts.

74. Defendant intentionally induced a breach or disruption of the contractual relationship by disingenuously issuing its Takedown Requests, falsely asserting that the Album, Podcast, Documentary infringed his copyrights.

75. As a result, CD Baby® has suspended their distribution to iTunes® and all other streaming platforms of the Album and, in turn, suspended making their payments to Plaintiff with respect to that Album. Youtube had suspended Plaintiff's channel which had prevented the Plaintiff from streaming live. And due to Defendant's action to iTunes and Spotify has removed the Podcast pending investigation and do to express herein Plaintiff has dialed back on doing interviews and thereby interfering with Plaintiff's rights under its contracts with its business relationships and depriving Plaintiff of the benefits of exploring business advertising interest..

76. Defendant wrongful interference with the exhibition of the Album, Podcast, Documentary, interfered with, and harmed, Plaintiff's contractual business relations.

77. Defendant's wrongful interference with the exhibition of the Album, Podcast, Documentary has caused substantial harm and damage to Plaintiff and is likely to continue to be injured as a result of Defendant's bad-faith actions.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff RAYON PAYNE. respectfully requests that this Court enter judgment in his favor and against Defendant as follows:

i. That the Court enter a Declaratory Judgment, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the Copyright Act 17 U.S.C. §§ 101, *et seq.*, that Plaintiff's use of any copyrighted works on the Album, Podcast, and Documentary is fair use;

ii. Damages according to proof and as a repeat offender;

iii. For costs pursuant to 17 U.S.C. § 512(f),

    other portions of the Copyright Act including Section 505, or otherwise as

    allowed by law; *and*

iv. For such other and further relief as the Court deems just and proper not limited to criminal penalty.

DATED: 7 / 23 , 2020

Respectfully submitted,
/s/ Rayon Payne
RAYON PAYNE, Pro Se