FILED

UNITED STATES DISTRICT COURT OCT 15 AM 9:08
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAYON PAYNE,
    Plaintiff

V.
                                            CASE NO: 6:20-cv-1306-Orl-40DCI

JERMAINE CARLOS DIAZ
    Defendant
_____/

## PLAINTIFF'S MOTION FOR ALTERNATE SERVICE OF PROCESS BY PUBLICATION AND ELECTRONIC MAIL, OR IN THE ALTERNATIVE, FOR A 90-DAY EXTENSION OF TIME TO EFFECT PERSONAL SERVICE

COMES NOW Rayon Payne, Plaintiff, pursuant to Rules 4(e)(1) and 4(h)(1) of the Federal Rules of Civil Procedure, respectfully moves the court for an order approving alternate service of process on Defendants Jermaine Carlos Diaz, by publication and electronic mail at younglaceincorporated@gmail.com and lace@moneytoblowmusicgroup.com. As grounds for this Motion, Plaintiff states:

1. that Defendant Diaz is not located at his last known address and is evading service of process;

2. that Plaintiff is unable to effect personal service on either Defendant despite diligent efforts;

3. that Defendant respond to email communications directed to his emails address at younglaceincorporated@gmail.com and lace@moneytoblowmusicgroup.com;

1

4. that Defendants are in actual receipt of the Complaint by reason of delivery to their email address at younglaceincorporated@gmail.com and lace@moneytoblowmusicgroup.com; and

5. on that basis, that electronic service is reasonably calculated to provide actual notice of filings and correspondence in this case.

## I. Statement of the Facts

6. On June 28, 2019, Defendant filed a verified complaint with the assistance of attorney Eric LaRue, in the complaint he alleged defamation. See Case# 2019-CA-008025-O in the Ninth Judicial Circuit of Florida.

7. On August 6, 2019, Plaintiff filed his answer and affirmative defense along with his counterclaim and three discovery requests for interrogatories, request for admissions and request for production.

8. On June 3, 2020, attorney filed his motion to withdraw and it was granted on June 10, 2020, and counsel provided Defendant's address as 2827 Monarch Crossing, Missouri City TX 77459, and the following email address younglaceincorporated@gmail.com and lace@moneytoblowmusicgroup.com, See exhibit (1).

9. On June 9, 2020, Plaintiff filed his motion for default with respect to failure to timely file a response to the Counterclaim, and on August 6, 2020, the motion for default was granted and the court acknowledges Defendant was aware of the order of hearing which was server on all parties via Fla E-Portal which is both of Defendant's emails. See exhibit (2).

10. Defendant is a register sex offender and by law he's requried by law to provide his current address with the law enforcement agency where his address is located. At the of service

attempt by Fort Bend Constable Precinct 1, Defendant was living at 2827 Monarch Crossing, Missouri City TX 77459 and that address was listed on his Texas Sex Offender profile which he avoided service as documented by the officer. See exhibit (3)

11. Plaintiff obtain a second summons base on the information the officer provided which was 5634 Jay Thrush Dr., Richmond TX 77407, and Defendant Texas Sex Offender profile was updated. .

12. Plaintiff has procured two Summons in this case, the first for Defendant's 2827 Monarch Crossing, Missouri City, TX 77459 and for 5634 Jay Thrush Dr., Richmond TX 77407, after the officer acknowledged his difficulties serving Plaintiff. See Docket #2 and #12.

13. On September 3, 2020, Plaintiff filed with the Clerk the first summons returned unexecuted where the Officer with the Fort Bend Precinct 1 detailed his multiple trying to sever Defendant. On August 6, 2020, the officer spoke with the Defendant which advised that he will be back in town on August 10, 2020, when the officer called Defendant he ignored his call and text. See Docket #13.

14. On October 15, 2020, Plaintiff filed the affidavit with respect to his second service returned unexecuted. See exhibit (4).

## II. Standard of Review

15. Rule 4(e) of the Federal Rules of Civil Procedure governs the methods by which service of process may be effected on an individual. Rule 4(e) provides:

(e) SERVING AN INDIVIDUAL WITHIN A JUDICIAL DISTRICT OF THE UNITED STATES. Unless federal law provides otherwise, an individual—other than a minor, an

incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

(1) *following state law* for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (

2) *doing any of the following*:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

16. Fed. R. Civ. P. 4(e) (emphasis added). Because Defendant has concealed his whereabouts and is evading service of process, he cannot be served by the methods provided in Fed. R. Civ. P. 4(e)(2).

## III. Argument

17. While service of process is the responsibility of the plaintiff, "[a] defendant who beclouds his whereabouts should not be entitled to benefit from the process server's consequent confusion."[1] Moreover, "[t]he rules governing service of process are not designed to create an obstacle course for Plaintiffs to navigate, or a cat-and-mouse game for defendants who are otherwise subject to the court's jurisdiction." Alternate service is necessary where a

---

[1] *National Labor Relations Bd. v. Clark*, 468 F.2d 459, 464 (5th Cir. 1972). *In Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the Fifth Circuit Court of Appeals prior to the close of business on September 30, 1981, as binding precedent.

defendant has concealed his whereabouts and is evading services, making it impossible to effect personal service despite its diligent efforts. <u>Hernandez v. State Farm Mut. Auto. Ins.</u> Co., 32 So. 3d 695, 698 (Fla. Dist. Ct. App. 2010).

**A. Alternate Service of Process by Electronic Mail and Publication is Authorized by the Federal Rules of Civil Procedure.**

18. Courts have discretion to determine the appropriate means of service in a given case.[2] In exercising this discretion, the court must ensure that the alternate service comports with due process requirements.[3] This means that the alternative method of service must provide "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[4] Service via e-mail has been permitted as a proper means of alternate service of process.[5]

**B. Alternate Service of Process by Electronic Mail is Constitutionally Permissible and Appropriate Under the Facts of the Present Case.**

19. The Constitution does not mandate that service be effected in any particular way. Due process considerations require only that service be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Federal courts have allowed service by email where a plaintiff demonstrates that the proposed service is likely to notify a defendant of the action. Here, service on Defendants by email will satisfy (and has satisfied) due process by apprising Defendants of the action and giving them the opportunity to answer Plaintiff's claims.

---

[2] <u>*U.S. Commodity Futures Trading Com'n v. Aliaga*</u>, *272 F.R.D. 617, 619 (S.D. Fla. 2011).*

[3] <u>*Chanel, Inc. v. Lin*</u>, *2009 WL 1034627, at \*1 (S.D. Fla. Apr. 16, 2009).*

[4] <u>*Mullane v. Cent. Hanover Bank & Trust Co.*</u>, *339 U.S. 306, 314 (1950).*

[5] *Aliaga, 272 F.R.D. at 619 (citing, inter alia, <u>Chanel, Inc. v. Zhixian</u>, 2010 WL 1740695, at \*4 (S.D. Fla. Apr. 29, 2010)).*

20. Although Defendant has concealed his whereabouts in a manner that prohibits Plaintiff from making personal service, Plaintiff has verified that Defendant can be contacted at younglaceincorporated@gmail.com and lace@moneytoblowmusicgroup.com. This email address is a reliable means, and the only reliable means, of providing Defendants with notice of this action.

### C. Plaintiff Has Created a URL for Service by Publication.

21. Plaintiff has posted a copy of the Complaint and Summonses on a website appearing at the URL https://my.workshare.com/#folders/tlC12gedgWmUguWP. Service by electronic publication in this manner has been authorized by this Court sister court in South Florida was approved in Specialized Bicycle Components, Inc. v. 17 No.1-Own, 2017 WL 3016929 (S.D. Fla. July 14, 2017).

### D. In the Alternative, Plaintiff Requests a 90-day Extension of Time to Make Service.

22. If the Court declines to grant this Motion, then Plaintiff respectfully requests a 90-day extension of time to make service of process, on the grounds that Plaintiff is continuing to effect personal service despite the obstacles described above.

**Conclusion**

This motion should be granted because (1) Defendants have concealed his whereabouts by intentionally avoiding service by refusing to meet with the officers and return telephone communications; (2) Plaintiff is unable to effect personal service on Defendant despite diligent efforts; (3) Defendants respond to email communications directed to his emails address at younglaceincorporated@gmail.com and lace@moneytoblowmusicgroup.com; (4) Defendant is on

actual notice of this proceeding by reason of Plaintiff's communications to their email address at younglaceincorporated@gmail.com and lace@moneytoblowmusicgroup.com; (5) Defendants are in actual receipt of the Complaint by reason of delivery to his emails address at younglaceincorporated@gmail.com and lace@moneytoblowmusicgroup.com; (6) electronic service is reasonably calculated to provide actual notice of filings and correspondence in this case.

### M.D. Fla. L.R. 3.01(g) Certification

The Plaintiff certifies that it was impossible to confer with Defendant because he has not appeared in this action and cannot be located for service.

Date: October 15, 2020                                    RAYON PAYNE, PRO SE

88?5 Conroy Windermere Rd
Ste. #208
Orlando Florida 32835
Tel: 863-485-0550
Email: info@folksalert.com

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** I hereby certify that on October 15, 2020, I electronically filed the

foregoing with the Clerk of the Court and will serve the parties in the manner specified below.

RAYON PAYNE, PRO SE

**Jermaine Carlos Diaz**

**Via U.S. Mail to:**
5634 Jay Thrush Dr. Richmond TX 77407

**Via Email to:**
younglaceincorporated@gmail.com and lace@moneytoblowmusicgroup.com

**Via Publication at:**
https://my.workshare.com/#folders/tlC12gedgWmUguWP