FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2020 DEC 17 AM 9: 41

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

RAYON PAYNE,
Plaintiff

V.

CASE NO: 6:20-cv-1306-Orl-40DCI

JERMAINE CARLOS DIAZ
Defendant

_____/

## PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT AND DAMAGES AGAINST DEFENDANT JERMAINE CARLOS DIAZ

COMES NOW Plaintiff, Rayon Payne, moves this Court for entry of a default final judgment on damages as to Defendant Jermaine Carlos Diaz, an individual, upon the complaint heretofore filed and served upon the Defendant in accordance with the provisions of Rule 55(b)(2), Federal Rules of Civil Procedure, and in support thereof shows the Court the following:

## SUMMARY OF FINDINGS AND JUDGMENT

### I. Introduction

1. This Court has jurisdiction over the subject matter of this case and each of the parties. Venue lies properly with this Court.

2. Plaintiff brought this action for Declaratory Relief (Fair Use), Misrepresentation - 17 U.S.C. § 512(F), and Intentional Interference with Contractual Relations.

3. On July 23, 2020, Plaintiff filed his Complaint in the United States District Court, Middle District of Florida, against Defendant.

1

4. A summons was served on Defendant on November 19, 2020, Pursuant to the Federal Rules of Civil Procedure, and as the Summons Issued by the Court clearly point out, an Answer or responsive pleading was required to be filed by Defendant within 21 days of service which would have been on or before December 11, 2020.

5. On December 16, 2020, Plaintiff filed his Motion for Clerk's Default against Defendant Jermain Carlos Diaz, supporting affidavit, servicemembers civil relief act affidavit and the default was entered on December 16, 2020.

6. The Defendants have not entered an appearance or have filed a motion to vacate the Clerk's Default, and thus Defendants remain in default. As such, this Motion for Entry of Default Final Judgment is appropriate at this time.

7. Plaintiff prays that this Court enter Final Judgment of Default against Defendant for damages, as provided in the proposed Declaration filed contemporaneously in support of this motion.

II. **Memorandum of Law**

A. **Defendant has failed to Answer the Complaint**

Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure provides that a defendant shall serve its answer to a complaint within (21) twenty-one days of service of the latter. As noted above, the Complaint in this case was filed on July 23, 2020, the Summons, was re-issued by the Court on October 26, 2020, was served upon Defendant on November 19, 2020 and, notified Defendant of his obligation to file an Answer with the Clerk of Court, and to serve a copy of the Answer upon Plaintiff, within (21) twenty-one days from the date of service.

As noted above, (21) twenty-one days from the date of service expired on December 11, 2020 for Defendant. As of the date of the filing of this Motion, nothing has been filed on behalf of the Defendant.

Plaintiff recognizes that entry of a default judgment against a Defendant is a severe remedy. See, e.g., E.F. Hutton & Co., Inc. v. Moffatt, 460 F.2d 284, 285 (5thCir. 1972). Where, as here, however, a party does not respond to a properly served Complaint and ignores a duly issued and properly served Summons of a Court, a default judgment, though drastic, is the appropriate and, indeed, only recourse. See In re Knight, 833 F.2d 1515, 1516 (11thCir. 1987) (where party offers no good reason for late filing of answer, entry of default judgment appropriate); Nat'l Bank of Fort Worth v. Cook, 117 F.R.D. 390 (N.D. Tex. 1987) (default judgment appropriate where party server has failed to answer).

**B. Plaintiff is entitled to the relief requested in the Complaint**

When the Court determines that a defendant is in Default, the factual allegations of the complaint are taken as true and this rule applies whether the complaint seeks legal or equitable relief. Fed. Trade Comm'n v. Kitco of Nevada, Inc. 612 F. Supp.1282 (D.C. Minn. 1985). Here, Plaintiff's submitting to the Court, together with this Motion, Declaration of Damages in support of this Motion, which will provide the Court with Plaintiff's damages and reasonable cost in bringing this action.

In the United States, citizens have the right of being able to voice their viewpoints in a relatively unlimited fashion, even if those viewpoints are controversial, objectionable, or even totally incorrect.

Plaintiff's work falls squarely within free speech and fair use doctrine which allows him to take portions of other people's work and adapt, criticize, parody, or add to them without the permission of the original creator as long as those uses meet a set of subjective requirements which was met by Plaintiff. Fair use doesn't even require that the original author is credited for his or her contribution.

Additionally Defendant sent multiple DMCA takedown notices that were false and were in bad faith (such as to harass, or doesn't state a real claim), that is perjury. It's clear from the takedowns Defendant had one goal and that was to harass and cause Plaintiff financial hardship. It's also important to point out Defendant filed a meritless lawsuit for defamation in state court Ninth Judicial Circuit case#2019-CA-008025-O, which is facing Summary Judgement for violating the Florida Anti-SLAPP Statutes § 768.295, as well Final Default approval in the counterclaim. His claim of infringement of rights and copyright is not only baseless but no such violations had occurred. Defendant has a history of bring false claim and misrepresenting material facts to the court the most recently was before Chief Bankruptcy Judge, David R. Jones, Bankruptcy Court Southern District of Texas in Case No. 17-34196-H2-7, where he presented fake documents to the court and was fined $20,500.00.

With Defendant's history of making false statements to the court, and the many takedowns notice isn't anything new. In the instant case a number of Defendant takedown was rejected but he continued to file takedown notices to which he signed his name under penalty of perjury. And for the reason expressed above Plaintiff asks that the court imposes criminal penalties against Defendant to deter any future action.

Last Plaintiff requested that the court order that Defendant shall not file anymore copyright takedowns unless its by a license attorney.

## CONCLUSION

For the foregoing reasons, the Court should issue an order entering Default Final Judgment, and damages as to Defendant for the amounts claimed.

Date: 12/ 17/ 2020

RAYON PAYNE, PRO SE
/s/ Rayon Payne

8815 Conroy Windermere Rd
Ste. #208
Orlando Florida 32835
Tel: 863-485-0550
Email: info@folksalert.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** I hereby certify that a true and correct copy of the foregoing was served by U.S. Mail on 12/17/2020 on Jermaine Carlos Diaz at 5501 Regency Dr, Sugar Land, TX 77479-4108, Emails younglaceincorporated@gmail.com and lace@moneytoblowmusicgroup.com.

RAYON PAYNE, PRO SE
/s/ Rayon Payne