UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RAYON PAYNE,**

       **Plaintiff,**

**v.**                                         **Case No:  6:20-cv-1306-Orl-40DCI**

**JERMAINE CARLOS DIAZ,**

       **Defendant.**

## ORDER

On July 23, 2020, Plaintiff, proceeding *pro se*, filed a complaint against Defendant that appears to allege three causes of action: (1) "Declaratory Relief – Fair Use"; (2) Violation of 17 U.S.C § 512(f); and (3) "Intentional Interference with Contractual Relations." Doc. 1 (the Complaint). The Clerk entered Default in this case on December 16, 2020. Doc. 32. On December 17, 2020, Plaintiff filed the Motion for Entry of Default Final Judgment and Damages that is now before the Court. Doc. 33 (the Motion). Upon review, the Court finds that the Motion is due to be denied without prejudice.

    **I.**    **Legal Standard**

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment. First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default. Fed. R. Civ. P. 55(a). Second, after obtaining clerk's default, the plaintiff must move for default judgment. Fed. R. Civ. P. 55(b). Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true,

adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). To state a plausible claim for relief, a plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). If a plaintiff fails to meet this pleading standard, then the plaintiff will not be entitled to default judgment.

If the plaintiff is entitled to default judgment, then the court must consider whether the plaintiff is entitled to the relief requested in the motion for default judgment. If the plaintiff seeks damages, the plaintiff bears the burden of demonstrating entitlement to recover the amount of damages sought in the motion for default judgment. *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008). Unlike well-pled allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages. *Id.* (citing *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)). Therefore, even in the default judgment context, "[a] court has an

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

obligation to assure that there is a legitimate basis for any damage award it enters[.]" *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects a basis for an award of damages). Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a liquidated sum or one capable of mathematical calculation, the law requires the district court to hold an evidentiary hearing to fix the amount of damages. *See Adolph Coors*, 777 F.2d at 1543-44. However, no hearing is needed "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *see also Wallace*, 247 F.R.D. at 681 ("a hearing is not necessary if sufficient evidence is submitted to support the request for damages").

**II.     Discussion**

Upon review, the Court finds that the Motion is due to be denied. As an initial matter, it is not clear to the Court whether Plaintiff intends to move for default judgment as to all counts of the Complaint or only as to certain counts. Plaintiff omits any specific reference not only to counts within the Complaint but to the Complaint itself. *See* Doc. 33. To the extent that Plaintiff is seeking or not seeking relief as to each count of the Complaint, Plaintiff should explicitly say so.

Additionally, Plaintiff has failed to establish that the Court has personal jurisdiction over Defendant. Nor does Plaintiff mention the due process requirements of personal jurisdiction. This failure is sufficient for a denial of the Motion, but in an attempt to avoid further issues with any renewed motion Plaintiff may wish to file, the Court notes that Plaintiff's briefing in the Motion

is also insufficient.[2] Plaintiff has not established – or adequately briefed – the elements of each claim for which Plaintiff seeks default judgment. It is Plaintiff's role to address the elements of each claim for which Plaintiff seeks default judgment and the specific, well-pled facts in the operative complaint that satisfy each of those elements. It is not the Court's role to attempt to determine which of the allegations in the Complaint satisfy which elements of Plaintiff's claims. Should Plaintiff decide to file a renewed motion for default judgment, Plaintiff shall comply fully with Local Rule 3.01(a) and, in particular, should address the elements of each claim for which Plaintiff seeks default judgment and the specific, well-pled facts in the operative complaint that satisfy each of those elements, as well as personal jurisdiction.

### III.   Conclusion

For the reasons stated herein, it is **ORDERED** that the Motion (Doc. 33) is **DENIED without prejudice. On or before January 29, 2021,** Plaintiff may file a renewed motion for default judgment providing that Plaintiff fully complies with the Local Rules and the directions set forth in this Order. Failure to file a renewed motion for default judgment by that date may result in this action being dismissed for failure to prosecute without further notice.

**ORDERED** in Orlando, Florida on January 11, 2021.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] The Court does not represent that the issues identified herein are the only issues with the Motion. Plaintiff is encouraged to review the Motion in its entirety and address any possible deficiencies, including those the Court has addressed in this Order.