**RAYON PAYNE,**

       **Plaintiff,**

**v.**                                **Case No: 6:20-cv-1306-PGB-DCI**

**JERMAINE CARLOS DIAZ,**

       **Defendant.**

_____

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Renewed Motion for Entry of Default Final Judgment (Doc. 36)** |
| **FILED:** | **January 25, 2021** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

### I.     Background

On July 23, 2020, Plaintiff, proceeding *pro se*, filed a complaint against Defendant that appears to allege three causes of action: (1) "Declaratory Relief – Fair Use"; (2) Violation of 17 U.S.C § 512(f); and (3) "Intentional Interference with Contractual Relations." Doc. 1 (the Complaint). The Clerk entered Default in this case on December 16, 2020. Doc. 32. On December 17, 2020, Plaintiff filed a motion for entry of default judgment. Doc. 33 (the First Motion for Default).

On January 11, 2021 the Court denied the First Motion for Default without prejudice. Doc. 35 (the Order). In the Order, the Court addressed several problems with the First Motion for Default. *See id.* The Court directed that Plaintiff, should he decide to file a renewed motion for default judgment, "shall comply fully with Local Rule 3.01(a) and, in particular, should address the elements of each claim for which Plaintiff seeks default judgment and the specific, well-pled facts in the operative complaint that satisfy each of those elements, as well as personal jurisdiction."[1] *Id.* at 4.

On January 25, 2021, Plaintiff filed the Renewed Motion for Entry of Default Final Judgment that is now before the Court. Doc. 36. Plaintiff's renewed "motion" is comprised of 71 pages and includes a copy of the Complaint and several exhibits. *Id.* Plaintiff also filed two attachments: a "Declaration in Support," which appears to be an affidavit related to damages (Doc. 36-1), and a "Memorandum of Law in Support," which contains both law and argument (Doc. 36-2). In an effort to liberally construe the pleading, because Plaintiff is proceeding *pro se*, the undersigned will consider what appears to be the actual "motion" section of Plaintiff's Renewed Motion for Entry of Default Final Judgment (Doc. 36 at 1-3) and the "Memorandum of Law in Support" (Doc. 36-2) as one substantive motion through which Plaintiff now seeks the entry of default final judgment against Defendant. Docs. 36 at 1-3, 36-2 (the Motion). However, as will be discussed, the undersigned finds that Plaintiff has not established that the Court has personal jurisdiction over Defendant. Because Plaintiff has already been given leave to file a renewed motion for default to address issues with personal jurisdiction identified by the Court, and has filed

---

[1] In the Order, the Court specifically noted that Plaintiff had not only failed to establish that the Court has personal jurisdiction over Defendant, but also failed to mention the due process requirements of personal jurisdiction. Doc. 35 at 3. The Court stated that this failure alone was sufficient for a denial of the First Motion for Default. *Id.*

this renewed motion and still failed to establish personal jurisdiction, the undersigned finds that the Motion is due to be denied and recommends that the Court dismiss the Complaint.

## II. Discussion

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment. First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default. Fed. R. Civ. P. 55(a). Second, after obtaining clerk's default, the plaintiff must move for default judgment. Fed. R. Civ. P. 55(b). Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2] Here, the undersigned finds that Plaintiff has not established that the Court has personal jurisdiction over Defendant. Thus, the undersigned need not reach the question of whether the well-pled allegations of the Complaint adequately state a claim for which relief may be granted.

Here, Plaintiff alleges that the Court has personal jurisdiction over Defendant, a Texas resident. Doc. 1 at ¶¶ 15; 19. For a federal court to have personal jurisdiction over a nonresident defendant, the forum state's long-arm statute must reach the defendant and the defendant must have sufficient contacts with the forum state such that exercising jurisdiction would not offend due process. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013).

---

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

As discussed in the following paragraphs, the undersigned finds that Plaintiff has not established that Florida's long-arm statute reaches Defendant, which ends the inquiry into personal jurisdiction. And even assuming the long-arm statute did reach Defendant, Plaintiff has not established that Defendant has sufficient contacts with Florida such that exercising jurisdiction would not offend due process.

**A.      Long-Arm Statute**

To determine whether Florida's long-arm statute reaches a nonresident defendant, a federal court in Florida must construe the statute according to state law. *Id*. at 1352. The statute provides both general jurisdiction (if the nonresident defendant engages in substantial and not isolated activity in Florida regardless of whether the claim arose in Florida) and specific jurisdiction (if the nonresident defendant's action upon which the claim is based occurred in Florida), including over a nonresident defendant who commits a tortious act in Florida that may be established by a communication into Florida that forms the basis for the claim. *See* Fla. Stat. § 48.193(1)(a)(2); *Wendt v. Horowitz*, 822 So. 2d 1252, 1260 (Fla. 2002).

**i.      General Jurisdiction**

First, Plaintiff argues that Defendant is subject to general jurisdiction under Florida's long-arm statute. In the Motion, Plaintiff states that "Defendant engages in 'substantial and not isolated' activities within Florida, therefore the defendant is subject to general personal jurisdiction, This is 'continuous and systematic general business contact.'" Doc. 36-2 at 15 (citing *Achievers Unlimited, Inc. v. Nutri Herb, Inc.*, 710 So. 2d 716, 720 (Fla. Dist. Ct. App. 1998) ("It has been held that 'substantial and not isolated activity' means 'continuous and systematic general business contacts'")).

The only allegations in the Complaint that appear even tangentially related to Plaintiff's argument in favor of general jurisdiction are an allegation, "upon information and belief," that Plaintiff conducts regular business in Florida (Doc. 1 at ¶ 19), and two allegations that Defendant brought a civil suit against Plaintiff in the Ninth Judicial Circuit in Orange County, Florida (Doc. 1 at ¶¶ 20, 41). As an initial matter, a vague allegation made on "information and belief" is not sufficient to support a motion for default judgment. *See Houston v. Fifo, Inc.*, No. 6:17-cv-1082-ORL-37DCI, 2017 WL 9690366, at *3 n.5 (M.D. Fla. Nov. 30, 2017) ("[T]the undersigned finds Plaintiff's general allegation that Defendant 'owns, leases, leases to, or operates a place of public accommodation' to be akin to pleading an allegation 'upon information and belief,' and that Plaintiff's allegation thus does not constitute a proffer and is not supported by any factual basis."). Nor has Plaintiff alleged any factual basis for the conclusory allegation that Defendant conducts business in Florida. Additionally, Plaintiff has not provided any argument or case law to support his apparent proposition that Defendant's involvement in a civil suit in state court constitutes "continuous and systematic business contacts" with Florida such that Defendant is subject to general jurisdiction here. Accordingly, the undersigned finds that Plaintiff has failed to establish that the general jurisdiction provision of Florida's long-arm statute reaches Defendant.

### ii.     Specific Jurisdiction

Second, Plaintiff appears to argue that Defendant is subject to specific jurisdiction under Florida's long-arm statute—§ 48.193(1)(a)(2)—based on the commission of a tort in Florida. *See* Doc. 36-2 at 14-16. Plaintiff states, in a conclusory fashion, that Defendant "committed a Tort in this state which subject him to personal jurisdiction." *Id.* at 15. Plaintiff then briefly discusses a Florida Supreme Court case, *Wendt v. Horowitz*, which addresses whether a defendant's physical presence is required to establish the commission of a tortious act in Florida. *See* Doc. 26-2 at 15-

16 (discussing *Wendt*, 822 So. 2d 1252). Plaintiff correctly references the *Wendt* court's finding that personal jurisdiction over a nonresident defendant who commits a tortious act in Florida may be established by a communication into Florida that forms the basis for the claim. *See id*; *see also* Fla. Stat. § 48.193(1)(a)(2); *Wendt*, 822 So. 2d at 1260. Plaintiff appears to argue that because Defendant sent Plaintiff—who resides in Florida—emails, Plaintiff is subject to personal jurisdiction under *Wendt*. *See id.* However, Plaintiff does not allege or argue that the emails in question form the basis for the tort claim.

In *Wendt*, the court explained that committing a tortious act under the specific jurisdiction provision of Florida's long-arm statute "can occur through the nonresident defendant's telephonic, electronic, or written communications into Florida. However, the cause of action must arise from the communications. This predicate finding is necessary because of the connexity requirement contained in section 48.193(1)." 822 So. 2d at 1260. Here, Plaintiff has not established that his tort claim arises from the email communications into Florida. Indeed, the allegations in the Complaint suggest that Plaintiff's claim actually arises out of multiple "takedown notices" Defendant sent to various corporate entities—none of which Plaintiff alleges have any connection to Florida. *See* Doc. 1 at ¶¶ 40; 72-77. Because Plaintiff has not established that Defendant's communications into Florida form the basis for Plaintiff's tort claim, the undersigned finds that Plaintiff has failed to establish that the specific jurisdiction provision of Florida's long-arm statute reaches Defendant.

The absence of both general and specific jurisdiction under Florida's long-arm statute concludes the inquiry into personal jurisdiction. However, the undersigned will briefly address the second requisite component of personal jurisdiction, due process.

**B.** **Due Process**

Here, Plaintiff has not established that Defendant has sufficient contacts with Florida such that exercising jurisdiction would not offend due process. The requisite minimum contacts to satisfy due process are not built into Florida's long-arm statute. *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 500 (Fla. 1989). Rather, courts examine different factors depending on whether the predicate statutory jurisdiction is general or specific. Here, Plaintiff has not met the due process requirements under the less stringent test, which applies in the specific jurisdiction context.[3] In a specific personal jurisdiction case, a court still must examine whether the plaintiff's claim arises out of or relates to the nonresident defendant's contacts with the forum state (the Relatedness Prong), whether the nonresident defendant purposefully availed itself of the privilege of conducting activities in the forum state (the Purposeful Availment Prong), and whether exercising jurisdiction comports with traditional notions of fair play and substantial justice (the Fair Play Prong). *Louis Vuitton*, 736 F.3d at 1355; *see also Wyndham. v. Montgomery*, 2019 WL 5394186, at *5-7.

Here, Plaintiff neither alleges nor argues that his tort claim arises out of or is related to Defendant's contacts with Florida. Additionally, Plaintiff does not allege or argue that Defendant's tortious conduct was aimed at Florida—beyond being aimed at a plaintiff who happens to live in Florida—or caused harm that Defendant should have anticipated would be suffered in Florida. *See Lovelady*, 544 F.3d at 1286 (discussing the "effects test" for purposeful

---

[3] *See Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1292 (11th Cir. 2000) ("The due process requirements for general personal jurisdiction are more stringent than for specific personal jurisdiction, and require a showing of continuous and systematic general business contacts between the defendant and the forum state.").

availment).[4] Nor does Plaintiff allege or argue that Defendant purposefully availed himself of the privilege of doing business in Florida such that he could reasonably anticipate being haled into court here. *See Louis Vuitton*, 736 F.3d at 1357 (discussing the traditional minimum contacts test for purposeful availment).[5] Finally, Plaintiff does not address the issues of fair play and substantial justice. Accordingly, even assuming that Plaintiff established that Florida's long-arm statute reached Defendant in this case, the undersigned declines to find that Plaintiff has satisfied the due process requirements.

### III. Conclusion

In a previous Order, the Court identified issues with Plaintiff's Initial Motion for Default— including issues surrounding personal jurisdiction. *See* Doc. 35. In that Order, the Court gave Plaintiff leave to file a renewed motion for default to address the Court's concerns. *See id.* In this renewed Motion, Plaintiff has demonstrated some effort to comply with the Court's directives in the Order. However, Plaintiff has again failed to meet the requisite prongs of the personal jurisdiction test: the long-arm statute prong and the due process prong. Because the Court lacks

---

[4] For claims involving intentional torts there are two applicable tests to assess whether Plaintiffs satisfied the Purposeful Availment Prong: (1) the "effects" test as described in *Calder v. Jones*, 465 U.S. 783 (1984); or (2) the traditional purposeful availment test. *See Louis Vuitton*, 736 F.3d at 1356–57. Under the effects test, the nonresident defendant's tort must have been: "(1) intentional; (2) aimed at the forum state; and (3) caused harm that the defendant should have anticipated would be suffered in the forum state." *Lovelady*, 544 F.3d at 1286. Importantly, simply aiming conduct at a plaintiff who resides in Florida cannot establish the second requirement of the effects test. *See Walden v. Fiore*, 571 U.S. 277, 286 (2014).

[5] Under the traditional minimum contacts test, "we assess the nonresident defendant's contacts with the forum state and ask whether those contacts: (1) are related to the plaintiff's cause of action; (2) involve some act by which the defendant purposefully availed himself of the privileges of doing business within the forum; and (3) are such that the defendant should reasonably anticipate being haled into court in the forum." *Louis Vuitton*, 736 F.3d at 1357 (citing *S.E.C. v. Carillo*, 115 F.3d 1540, 1542 (11th Cir. 1997).

personal jurisdiction over this action based on the allegations in the Complaint, and Plaintiff has been given an opportunity to address those deficiencies but failed, the Court recommends that the Complaint be dismissed without prejudice, and the case closed.[6]

Accordingly, it is respectfully **RECOMMENDED** that:

1. Plaintiff's Renewed Motion for Entry of Default Final Judgment (Doc. 36) be **DENIED**;

2. The Complaint (Doc. 1) be **DISMISSED without prejudice**; and

3. The Clerk be directed to close the case.

### <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on February 17, 2021.

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[6] *See Lipofsky v. N.Y. State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988) ("In the absence of a waiver, a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue."). Here, the Court provided Plaintiff an opportunity to present facts and argument demonstrating personal jurisdiction, and Plaintiff failed. "Without jurisdiction, the Court cannot fashion any relief or judgment." *Canal Ins. Co. v. Williams*, No. CV 111-035, 2014 WL 12733551, at *3 n.3 (S.D. Ga. Feb. 19, 2014) (dismissing a defendant from the action after Plaintiff attempted three times, without success, to establish personal jurisdiction over that defendant in the default context.). The undersigned has no reason to believe that, if given further opportunities for argument or to develop the record, Plaintiff could establish that this Court has personal jurisdiction over Defendant.